trial review is warranted by this Court. The garden variety claim presented here, however, does not present such a case. Furthermore, the very fact of our review of this type of claim will unduly burden our docket by encouraging further petitions seeking pre-trial error review of suppression rulings. Accordingly, I would dismiss this appeal as having been improvidently granted.[4]

Nevertheless, since a majority of this Court has determined to hear the appeal, a proper respect for that controlling view obliges me to address the question presented. Were I to reach the question, I would agree with the majority that the Superior Court ruling in this case was erroneous under this Court's decision in *Commonwealth v. Whitmyer*, 542 Pa. 545, 668 A.2d 1113 (1995). I agree with Judge Gavin in the trial court below where he concluded that there was insufficient evidence presented that appellant created any kind of safety hazard by crossing over the "fog line" two or three times.

785 A.2d 992

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Ricardo GUERRO (Guerra), Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 15, 2001.

Decided Dec. 6, 2001.

---

4. The majority states that the broader issue involved here is whether the Superior Court has "lowered the standard" for what is sufficient to warrant a stop under the Motor Vehicle Code. The fact that a majority of this Court does not *agree* with a ruling by the Superior Court does not mean that the Superior Court "lowered" the governing standard. This is error review, pure and simple. Moreover, even if some broader issue were implicated, it will still be present for review, if necessary, *if* and when appellant is tried and convicted.

William M. Shreve, for R. Guerro.

James Patrick Barker, Williamsport, Eric Russell Augustine, Harrisburg, for Commonwealth of Pennsylvania.

Before ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *ORDER*

PER CURIAM.

Appeal dismissed as having been improvidently granted.

Chief Justice FLAHERTY did not participate in the consideration or decision of this case.

785 A.2d 993

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Gregory Philip KENDALL, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 15, 2001.

Decided Dec. 6, 2001.

Carol Anne Redding, Patrick James Redding, Chambersburg, for G. Kendall.